## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-00394-06 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID WILLIAMS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner David Williams's ("Williams") Motion for Reduction in Sentence Pursuant to the First Step Act of 2018 (Record Document 585). The Government has opposed the motion (Record Document 597). For the reasons set forth below, Williams's Motion is hereby **DENIED**.

## FACTUAL BACKGROUND

On October 6, 2021, Williams pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. See Record Document 597 at 2. On April 11, 2022, Williams was sentenced to 110 months of imprisonment. See id. The investigation revealed that Williams participated in a drug-trafficking conspiracy operating in the Caddo and Bossier Parish areas and was held accountable for 1,024.184 kilograms of converted drug weight. See id. Williams's projected release date is May 30, 2030. See id.

In his motion, Williams seeks a reduction of sentence under the First Step Act, asserting "extraordinary and compelling reasons" based on an alleged intervening change in law. See Record Document 585-1 at 1–2. Specifically, Williams argues that the Court should reject the "actual methamphetamine" Guidelines on policy grounds and instead apply the methamphetamine mixture Guidelines. See Record Document 585-1 at 2–5. He further contends that his prior Louisiana drug convictions should not qualify as

controlled substance offenses because he alleges that Louisiana's definition of cocaine isomers is broader than the federal definition. See id. at 6.

The Government opposes the motion, arguing that Williams has failed to demonstrate extraordinary and compelling reasons for a sentence reduction and that, in any event, the factors set forth in 18 U.S.C. § 3553(a) weigh strongly against any reduction. See Record Document 597.

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Williams moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the First Step Act, § 3852(c)(1)(A) allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
>
> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Here, the Government has not addressed whether Williams has exhausted his administrative remedies, so the Court will assume that the current Motion is procedurally proper and consider the merits of the Motion.

Subject to considerations of 18 U.S.C. § 3553(a), § 3582(c)(1)(A) permits a reduction in Williams's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, U.S.S.G. § 1B1.13 provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of

3

showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Williams argues that an intervening change in law constitutes an extraordinary and compelling reason for sentence reduction. See Record Document 585-1 at 1. Williams argues that the intervening change in law is that the actual methamphetamine Guidelines should no longer be used. See id. at 2–5. In support of his argument, he cites to several district court opinions disagreeing with the methamphetamine Guidelines. See id. However, this argument fails.

As the Fifth Circuit has explained, "extraordinary" means "beyond or out of the common order," and "compelling" refers to circumstances that are forceful and exceptional, not routine or foreseeable. United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023). Decisions by individual district courts that vary from the methamphetamine Guidelines at an initial sentencing do not constitute an extraordinary change in law unique to Williams's circumstances. See Record Document 597 at 4.

Next, Williams challenges the consideration of his prior state law drug convictions for calculating his sentence. See Record Document 595-1 at 2. He argues that Louisiana law's definition of cocaine isomers is broader than the federal definition, and because of that difference, his state cocaine convictions should not have been considered in federal court. See id. at 6.

This challenge is not procedurally proper under § 3582(c)(1)(A). This argument attacks the legality of the sentence and must be raised on direct appeal or through a motion under 28 U.S.C. § 2255. See Escajeda, 58 F.4th at 187–88. Accordingly, Williams

has not carried his burden of demonstrating extraordinary and compelling reasons warranting a sentence reduction.

Even if Williams had established extraordinary and compelling reasons, compassionate release would remain unwarranted. A sentence reduction must be consistent with the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, and the need to protect the public.

Williams's criminal history is extensive and includes numerous prior drug and violent offenses. See Record Document 597 at 6–7. His instant offense involved participation in a significant drug-trafficking conspiracy. See id. Reducing his sentence at this stage would undermine the seriousness of the offense, fail to afford adequate deterrence, and inadequately protect the public. Therefore, the Court cannot conclude that a reduction in sentence would be consistent with the § 3553(a) factors.

## CONCLUSION

Based on the reasons explained above, Williams's Motion for a Reduction in Sentence (Record Document 585) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of January, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT